IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH A. KURTZ, | ) | 8:18CV308 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| MICHELLE DOE #4, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Plaintiff, Joseph A. Kurtz, filed this case on June 28, 2018, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## *I. SUMMARY OF COMPLAINT*

     This action is brought against an individual whose first name is either Michelle or Mitchell,[1] and who, from the addresses provided in the Complaint, apparently lives the same apartment complex as Plaintiff in Omaha, Nebraska. Plaintiff indicates (by checking box on the court's standard form pro se complaint) that "federal question" jurisdiction under 28 U.S.C. § 1331 applies to his claim, but he does not cite any provision of the United States Constitution, federal statute, or federal treaty. Instead, he asks: "Is it right to steal apartment keys, from normal behavior resident[?]" (Filing No. 1 at CM/ECF p. 3) This constitutes the totality of Plaintiff's Complaint.

## *II. STANDARDS ON INITIAL REVIEW*

     The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must

---

[1] Both spellings appear in the Complaint. No last name is provided.

dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing Plaintiff's Complaint as alleging a claim for unspecified relief under 42 U.S.C. § 1983, it fails to state a claim upon which relief may be granted. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49. To state a claim against a private

actor, a plaintiff must allege facts establishing "not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." [Crawford v. Van Buren Cty., 678 F.3d 666, 670-71 (8th Cir. 2012)](#) (quoting [Dossett v. First State Bank, 399 F.3d 940, 951 (8th Cir.2005)](#)).

Even if Plaintiff is alleging that Defendant stole his apartment keys, there is no indication that Defendant acted under color of state law, nor is there any suggestion that Plaintiff was deprived of any federally protected right. And because Plaintiff alleges that he and Defendant are both Nebraska citizens, there is no basis for the court to exercise diversity jurisdiction under [28 U.S.C. § 1332](#), which also requires that the amount in controversy exceed $75,000.00. "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." [Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001)](#).

## IV. CONCLUSION

The court does not appear to have subject-matter jurisdiction in this case, and, in any event, the allegations of the Complaint are frivolous. The court therefore concludes that granting Plaintiff leave to amend would be futile.

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed without prejudice, and Judgment will be entered by separate document.

DATED this 27th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge